Millie Mitchell v. Commissioner.
Mitchell v. Commissioner
Docket No. 27885.
United States Tax Court
1951 Tax Ct. Memo LEXIS 80; 10 T.C.M. (CCH) 950; T.C.M. (RIA) 51285; October 3, 1951
Clyde C. Sherwood, Esq., for the petitioner. Charles W. Nyquist, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent has determined a deficiency in income tax of $6,103.78 against the petitioner for the calendar year 1946. The sole question presented is whether the profits from the sale of livestock culled from the petitioner's breeding herd, and replaced by an equal number of heifers, are to be taxed to the petitioner as ordinary income or as capital gain. [The Facts] The facts have been stipulated, and are found as stipulated. The petitioner is an individual, who resides at Vallecito, California. She filed her return for 1946 with the collector for the first district of California. During 1946, and at all times prior thereto *81 and material herein, the petitioner was engaged in the business of operating a cattle ranch situated at Vallecito, Calaveras County, California. Her principal income for the taxable year, and for eight or more years prior thereto, was from sales of beef cattle raised on her ranch. Her books of account were kept on the cash receipts basis of accounting and her income tax returns were made and filed on the same basis. In the course of her business, the petitioner maintained a breeding herd of selected cows and bulls which were used in the production of beef cattle for sale. It was the petitioner's regular practice to sell some of the older cows from the breeding herd each year and replace them with heifers that she had raised. The number of cows replaced each year varied according to feed conditions, prices and the age and condition of the cattle. The petitioner's breeding herd contained 626 breeding animals on January 1, 1946, and 593 breeding animals on December 31, 1946, or a reduction of 33 animals. During the taxable year 1946, the petitioner sold from her breeding herd 218 cows for amounts aggregating $28,863.99, all of which animals sold had been raised by the petitioner and *82 had been owned and held by her as a part of her breeding herd for a period of more than six months prior to their sale. The basis to the petitioner for gain on the sale of the cows was zero. In her 1946 income tax return, the petitioner returned the gain on the sale of the 218 cows, $28,863.99, which gain was the total sales price, as a long-term capital gain under the provisions of section 117 (j) of the Internal Revenue Code, and included 50 per cent of the gain, or $14,432, in her "adjusted gross income" and her net income subject to tax, according to the provisions of section 117 (b) of the Code. [Opinion] The respondent in his determination of deficiency applied the capital gains provisions of section 117 (j) of the Code to only 33 of the 218 cows sold in 1946, 33 being the number by which the breeding herd was reduced in that year. The selling price of the 33 cows was determined by him to have been $4,665.21. In determining the deficiency herein, he took into account, through application of section 117 (j), only 50 per cent of $4,665.21. He treated $24,198.78 as the selling price received upon the sale of the other 185 cows sold, and in determining *83 the deficiency, carried the entire $24,198.78 into the petitioner's income as ordinary income. This treatment of the $24,198.78 as ordinary income, rather than long-term capital gain, presents the sole issue in this case. It is now settled law that gain realized from the sale of cattle from the breeding herd of a rancher, farmer, or dairy farmer is to be treated, for tax purposes, as capital gain under section 117 (j), supra. Albright v. United States, 173 Fed. (2d) 339; Franklin Flato, 14 T.C. 1241; Fawn Lake Ranch Co., 12 T.C. 1139; and Isaac Emerson, 12 T.C. 875. Apparently, by reason of the fact that in this instance the cows sold from the breeding herd were replaced by heifers raised by the petitioner, the respondent seems to think that the petitioner has failed to prove that the cows so sold from the breeding herd were not held by the petitioner primarily for sale in the ordinary couse of her business. We find no basis for such an argument. The facts which the respondent has stipulated and agreed to indicate otherwise. On authority of the cases cited, it is our conclusion that the claim of the petitioner is well taken. *84 Decision will be entered for the petitioner.